Filed 11/19/21  In re S.S. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E077210 |
| Plaintiff and Respondent, | (Super.Ct.No. J287548) |
| v. | OPINION |
| T.W., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Christopher B. Marshall, Judge.  Affirmed.

Monica Vogelmann, under appointment by the Court of Appeal, for Defendant and Appellant.

Michelle D. Blakemore, County Counsel, and David Guardado, Deputy County Counsel, for Plaintiff and Respondent.

1

The juvenile court granted a request to place S.S. (minor) on psychotropic medication over defendant and appellant's, T.W. (mother), objection. On appeal, mother contends the court erred in granting the request. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2020, personnel from plaintiff and respondent, San Bernardino County Children and Family Services (department), received an immediate response referral alleging physical abuse, emotional abuse, and general neglect. The reporter alleged that on December 14, 2020, mother's husband handcuffed mother's daughter, T.S. (age 14),[1] and dragged her to a neighbor's home to return cigarettes she had stolen. He then left her handcuffed overnight.

Mother told the social worker that the father had slapped T.S. in the face and left her handcuffed from 8:00 or 9:00 p.m. to 6:00 a.m. She reported domestic violence between she and her husband five years earlier. Mother said she used marijuana every day. Mother reported she had been diagnosed as "Schizoaffective" three years earlier and managed her mental health with medication.

Mother's husband said he had handcuffed T.S. overnight because otherwise she would have run away. He said he had obtained the handcuffs several weeks earlier and had handcuffed T.S. four times but usually only for a few hours. Mother's husband also reported using marijuana daily. He said that he and mother had engaged in domestic violence but not for a long time.

_____

[1] T.S. is not a party to this appeal.

2

Department personnel filed a juvenile dependency petition as to S.S. alleging that mother failed to protect her from a risk of physical abuse (A.1), that mother had a substance abuse problem (B.2), that mother engaged in domestic violence with her husband (B.3), that mother had untreated mental health issues (B.4), that minor's father had passed away (G.5), and that T.S., minor's sister, had been physically abused (J.6). On December 21, 2020, the court detained minor.

On February 4, 2021, minor's attorney filed a motion to amend the allegations to conform to proof. This included allegations that mother had acted complicity with or gave tacit approval of her husband's act of restraining T.S. (J.1). At the contested jurisdiction and disposition hearing on February 4, 2021, the department moved to dismiss the B.4 allegation. The court changed the A.1 allegation to a B allegation, dismissed the B.4 allegation, and found the remaining allegations, as amended, true. The court removed minor from mother's custody and granted mother reunification services.

On April 30, 2021, department personnel filed an application to prescribe psychotropic medication for S.S. Minor was in weekly individual therapy. The doctor alleged that minor presented with poor attention and focus, was hyperactive, easily frustrated, sad, mad, irritable, and slept poorly. The doctor alleged that nonpharmacological treatment had been tried, but it was too soon to assess its efficacy. The doctor diagnosed minor with attention-deficit/hyperactivity disorder (ADHD) and depressive disorder. The doctor proposed to administer Focalin for minor's ADHD and

Clonidine for both minor's insomnia and ADHD to improve her attention, focus, and sleep. Possible side effects included tics, seizures, and dizziness.

On May 7, 2021, mother filed opposition to the request. Mother noted that minor was "a well-behaved girl," who was "kind," "respectful," and had "always been at the top of her class." Mother alleged minor "sleeps well." Mother wrote that she did not want minor on a stimulant; she insisted that minor did not have ADHD and was "acting out because she misses her parents." Mother wrote, "I have NEVER been told that [minor] is ADD, or ADHD, and I do NOT agree with stimulants for her, as both parents had/have addiction problems."

On April 30, 2021, a consulting physician from the San Bernardino County Department of Behavioral Health filed a statement reflecting that she had reviewed the application to prescribe psychotropic medication for minor and determined that the proposed treatment "is generally appropriate given the clinical condition and other information indicated on the form." The court set the matter for a hearing.

At the hearing on May 25, 2021, at which mother was present by phone with her counsel, mother's counsel noted that although mother "doesn't have an issue with clonidine, she does not want [minor] on Focalin. Minor's never had any attention issues or diagnosis before. Given the history of substance abuse for the parents, Mother doesn't want her to be given a stimulant." Mother's counsel asked that the current, nonpharmacological treatment be increased so that it could be determined whether that alone could prove successful.

4

Minor's counsel observed that, "Therapy is notoriously ineffective for ADHD treatment. The one real reliable way to treat the condition is to use stimulant medication." Minor conveyed to counsel that she "would like the Court to know that she is in agreement with whatever her parents think she should take or do, but she herself is open to medication."

The court noted, "we have the diagnosis being reached by the treating psychiatrist . . . and we had the matter reviewed by our Department of Behavioral Health for the appropriateness of the medication. And their recommendation was to go ahead and approve the medication. . . . [¶] Medication is not the first recourse, but the Court is not trying to substitute its judgment for a psychiatrist and does rely on both of those entities to help—both the treating psychiatrist and the . . . Department of Behavioral Health, psychiatrist to review it. [¶] The Court notes that . . . [minor] is 11 years of age, and the Focalin that is being recommended for her is, by the way of a maximum each day, almost half of what the recommended maximum is. . . . [¶] So with that, the Court believes that it is in the best interest of [minor] to receive this and to help her." The court approved the treatment.

## II. DISCUSSION

Mother contends insufficient evidence supports the court's order. The department maintains the appropriate standard of review is abuse of discretion and that the court acted within its discretion in granting the order. Assuming, arguendo, that the proper standard of review is substantial evidence, the department argues sufficient evidence supported the court's order. We agree with the department.

5

"If a child is adjudged a dependent child of the court under Section 300 and the child has been removed from the physical custody of the parent under Section 361, only a juvenile court judicial officer shall have authority to make orders regarding the administration of psychotropic medications for that child. . . . Court authorization for the administration of psychotropic medication shall be based on a request from a physician, indicating the reasons for the request, a description of the child's diagnosis and behavior, the expected results of the medication, and a description of any side effects of the medication." (Welf. & Inst. Code, § 369.5, subd. (a)(1); see § 739.5, subd. (a); Cal. Rules of Court, rule 5.640(b)(2).)

A substantial evidence standard of review applies where the court below has engaged in an "essentially . . . factual determination." (*In re Caden C.* (2021) 11 Cal.5th 614, 639-640 (*Caden C.*).) An exercise of discretion involves a balancing of "determinations as part of assessing the likely course of a future situation that's inherently uncertain." (*Id*. at p. 640.) "[T]he practical difference between the standards is not likely to be very pronounced. Review for substantial evidence applies to factual determinations; abuse of discretion applies when a lower court must delicately balance factual determinations to assess an uncertain future situation." (*Id*. at p. 641.)

Here, the court "makes the assessment by weighing the harm" of minor going without the medication "against the benefits of" undergoing treatment. (*Caden C.*, *supra*, 11 Cal.5th at p. 640.) "And so, the ultimate decision . . . is discretionary and properly reviewed for abuse of discretion." (*Ibid*.) "A court abuses its discretion only when ""the trial court has exceeded the limits of legal discretion by making an arbitrary,

6

capricious, or patently absurd determination.'"" [Citation.]  But ""'[w]hen two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'""" (*Id*. at p. 641.)

Here, the court acted within its discretion in granting the application to treat minor with psychotropic medication.  The doctor alleged that minor presented with poor attention and focus, was hyperactive, easily frustrated, sad, mad, irritable, and slept poorly.  The doctor alleged that nonpharmacological treatment had been tried.  The doctor diagnosed minor with ADHD and depressive disorder.  The doctor proposed to administer Focalin for minor's ADHD and Clonidine for both minor's insomnia and ADHD to improve her attention, focus, and sleep.  A consulting physician from the San Bernardino County Department of Behavioral Health indicated that she had reviewed the proposed treatment and determined that it was appropriate.

The court considered the opposition paper filed by mother.  The court set the matter for a hearing at which both mother and her counsel were "present."  The court let counsel argue the matter and then exposited the basis for its ruling:  "the Court believes that it is in the best interest of [minor] to receive this and to help her."  The court acted within its discretion in approving the proposed treatment.  For all the same reasons, substantive evidence supports the court's order.

## III.  DISPOSITION

The court's order granting the request to treat minor with psychotropic medication is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
Acting P. J.

We concur:


MILLER
J.


RAPHAEL
J.